UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Russell R. Pearce<br>626 Keltonhurst Drive<br>Pataskala, OH 43062,<br><br>And<br><br>Shanise N. Pearce<br>626 Keltonhurst Drive<br>Pataskala, OH 43062,<br><br>    Plaintiffs,<br><br>v.<br><br>Kaman Cusimano, LLC<br>c/o K&C Service Corporation<br>50 Public Square, Suite 2000<br>Cleveland, OH 44113,<br><br>    Defendants. | Case No.  **2:22-CV-1954**<br><br>District Judge:<br><br>Magistrate Judge:<br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiffs Russell R. Pearce and Shanise N. Pearce's (collectively "Plaintiffs") personal knowledge, the investigation of counsel, and information and belief. Plaintiffs, through counsel, allege as follows:

**I.    INTRODUCTION**

1. On January 26, 2021, Defendant Kaman Cusimano, LLC ("Defendant"), on behalf of its client Brooksedge Homeowners Association Inc. ("HOA"), obtained a judgment in Licking County Municipal Court related to alleged past due HOA fees, costs, and other amounts that Plaintiffs allegedly owed to their HOA.

1

2. On April 20, 2021, A Certificate of Judgment was issued on the Municipal Court Judgment.

3. Plaintiffs filed for a Trusteeship to pay the amounts it allegedly owed to Defendant in Licking County Municipal Court and made the required payments.

4. Defendant received A Notice of the Trusteeship under Ohio Rev. Code Ann. § 2329.70.

5. Defendant failed to answer the Trusteeship Notice within ten days after receiving it, elected to take part in the Trusteeship, and was estopped from asserting any further liens against Plaintiffs.

6. Despite this Defendant filed a certificate of lien on February 2, 2022 ("Lien"), which included improper fees it had added to Plaintiffs' account, and then filed a complaint for foreclosure against Plaintiffs.

7. Plaintiffs bring this action to recover the damages Defendant caused them by pursuing amounts it was not owed when it was estopped from doing so.

**II.  PRELIMINARY STATEMENT**

8. Plaintiffs institute this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), and the Ohio Consumer Sales and Practices Act, Ohio Rev. Code Ann. § 1345.01 *et seq* (West 2021) ("CSPA").

**III.  JURISDICTION**

9. This Court has jurisdiction for the First Count pursuant to the FDCPA at 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337.

10. This Court has jurisdiction for the Second Count pursuant to 28 U.S.C. § 1367 as those claims form part of the same case or controversy as the First Count.

2

11. This Court has personal jurisdiction over the Defendant because the Defendant transacts business within this District, and the Defendant attempted to collect the debt in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

12. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1).

### IV.     PARTIES

13. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

14. Plaintiffs are natural persons currently residing at 626 Keltonhurst Drive, Pataskala, OH 43062.

15. Plaintiffs are **consumers** within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

16. Kaman & Cusimano, LLC ("K&C") is a debt collector organized with its principal place of business in the State of Ohio.

17. K&C was and is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

18. K&C acquired its interest in the alleged debt after the alleged default.

19. At all relevant times, K&C treated the alleged debt as if it was in default since the date it was acquired by K&C.

20. K&C regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21. K&C uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

V.     **FACTUAL ALLEGATIONS**

22. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

23. Defendant K&C on behalf of its client, Brooksedge Homeowners Association Inc. ("HOA"), filed a Complaint against Plaintiffs in Licking County Municipal Court, Case No. 20 CVI 00003.

24. On January 26, 2021, Defendant, on behalf the HOA, obtained a judgment for $3,551.00 in Licking County Municipal Court Case No. 20 CVI 00003 (the "Municipal Court Judgment").

25. The Municipal Court Judgment was related to alleged past due HOA fees, costs, and other amounts that Plaintiffs allegedly owed to their HOA.

26. The association dues and Municipal Court Judgment were and are a consumer debt.

27. On April 20, 2021, A Certificate of Judgment was issued on the Municipal Court Judgment.

28. HOA is a secured creditor under the Municipal Court Judgment and under Ohio Rev. Code Ann. § 2329.71.

29. Plaintiffs filed for a Trusteeship in Licking County Municipal Court and began to make payments.

30. On or around August 25, 2021, Defendant received A Notice of the Trusteeship under Ohio Rev. Code Ann. § 2329.70. A true and accurate copy of the Notice of Trusteeship is attached as Exhibit A to this Complaint.

31. Defendant failed to answer the Trusteeship Notice within ten days after receiving the Notice as required by Ohio Rev. Code Ann. § 2329.70.

32. Plaintiffs made payments under the Trusteeship and maintained the trusteeship agreement.

33. The HOA and Defendant were estopped from asserting their lien(s) under Ohio Rev. Code Ann. § 2329.71, because Plaintiffs maintained their trusteeship agreement as required by Ohio Rev. Code Ann. § 2329.70.[1]

34. Despite being estopped from asserting its judgment lien and certificate of lien, Defendant filed a certificate of lien on February 2, 2022 ("Lien"), in violation of Ohio law and the Ohio Planned Communities Act ("OPCA"). A true and accurate copy of the Certificate of Lien is attached as Exhibit B to this Complaint.

35. Defendant filed an affidavit of lien based on unpaid assessments and other charges that are not properly charged to Plaintiffs.

36. Instead of accepting payments under the Trusteeship, Defendant needlessly increased its attorney fees and added them to the amount it claimed Plaintiffs owed it.

37. Defendant improperly inflated its fees by sending a series of form letters which demanded amounts it could not charge to Plaintiffs, and then added fees per form letter it sent to its attorney fees calculation.

38. Defendant added attorney fees and other charges after it was estopped from doing so to Plaintiffs' account and then demanded those charges on its February 2, 2022, Lien.

---

[1] Ohio Rev. Code Ann. § 2329.71 states in relevant part, "Failure of a **secured creditor** to answer such notice as provided in section 2329.70 of the Revised Code within ten days after receiving such notice, shall be held by the court as an election to participate in the trusteeship, and such creditor shall be **estopped** to assert his lien for so long as the debtor maintains his trusteeship agreement, as provided by section 2329.70 of the Revised Code." Ohio Rev. Code Ann. § 2329.71 (emphasis added).

39. Defendant filed a Foreclosure Complaint on behalf of the HOA in Licking County Court of Common Pleas, Case No. 22 CV 00161, based on its improper Lien and prior judgment after it was estopped from doing so.

40. All attorney fees and other charges Defendant added to Plaintiffs' account related to the improper Lien and the Municipal Court Judgment are unauthorized under Ohio law.

41. Plaintiffs made payments to Defendant that it failed to properly apply to Plaintiffs' account.

42. Defendant charged Plaintiffs impermissible fees, penalties, administrative costs, and legal fees that it was not authorized to collect pursuant to the HOA declarations, bylaws, and rules, and Ohio Law.

43. On March 18, 2022, Defendant, on behalf of Brooksedge, filed a Notice of Election Not To Participate in Trusteeship Payments in Licking County Municipal Court, Case No. 20 CVI 00003 ("Notice").

44. This Notice was filed well after the 10-day deadline outlined in Ohio Rev. Code Ann. § 2329.71.

45. On March 24, 2022, Licking County Judge Stansbury entered a Judgment Entry denying Defendant's Notice. A true and accurate copy of the Order is attached as Exhibit C to this Complaint.

46. The Court's Order states that Brooksedge is "barred from asserting any lien or encumbrance" against Plaintiffs.

47. Furthermore, the Court struck Defendant's Notice from the record.

48. As a result of Defendant's actions, Plaintiffs have been charged amounts they do not owe to their HOA account and have incurred attorney fees in defending against Defendant's wrongful actions.

49. As a result of the Defendant's demands, Plaintiffs suffered emotional distress, including anxiety, stress, and sleepless nights related to Defendant's demands for amounts of money that are not owed. In addition, Plaintiffs were beset with anxiety and stress caused by Defendant's actions as they cannot refinance their loan without paying amounts they do not owe to Defendant.

50. Plaintiffs suffered increased anxiety, worry and concern upon receipt of the letters and communications because of Defendant's actions.

## VI. FIRST COUNT – FDCPA VIOLATIONS AGAINST DEFENDANT

51. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

52. Defendant's actions and inactions as described herein, violate the FDCPA.

53. Defendant attempted to collect a debt when it knew or should have known that the debt was not valid, authorized, or accurate.

54. Defendant falsely represented the character, amount, legal status, and the services rendered related to the alleged debt in violation of 15 U.S.C. § 1692e(2)(A) and (B).

55. Defendant threatened to take an action that could not be legally taken by continuing to assert its Lien in violation of 15 U.S.C. § 1692e(5).

56. Defendant falsely represented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(10).

57. Defendant took actions that are illegal under applicable Ohio law and added charges to the Plaintiffs that it is estopped from charging in violation of 15 U.S.C. §1692f.

58. Defendant's actions caused Plaintiffs severe emotional distress, anxiety, and worry.

59. Plaintiffs' emotional distress was caused by the Defendant's improper threats, demands, and violations of the FDCPA.

60. Defendant's actions forced Plaintiffs to obtain legal counsel and incur expenses and fees to bring this current action and prevent Defendants from continuing its pursuit of the Lien.

61. Defendant's actions caused Plaintiffs to incur greater interest, fees and charges than were authorized on their account.

62. Defendants' demands placed Plaintiffs at a materially greater risk of falling victim to its abusive debt collection practices.

63. Therefore, Defendants are liable Plaintiffs under this Count for its FDCPA violations in an amount equal to or greater than: actual damages of at least $25,000 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and costs of this action and attorney fees, including pursuant to 15 U.S.C. § 1692k(a)(3).

VII.  SECOND COUNT – CSPA VIOLATIONS AGANST DEFENDANT

64. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

65. Defendant is a person engaged in the business of effecting or soliciting consumer transactions.

66. Defendant is a Supplier within the meaning of Ohio Rev. Code Ann. § 1345.01(C) as it is a seller engaged in the business of effecting or soliciting consumer transactions.

67. Plaintiffs are Consumers within the meaning of Ohio Rev. Code Ann. § 1345.01(D).

68. The HOA fees cover property used by Plaintiffs primarily for personal, family or household use.

69. Defendant's actions constitute unfair, deceptive, and unconscionable acts or practices in connection with a consumer transaction in violation of the CSPA.

70. There are rules, written statements, and interpretations adopted or used by the Ohio Attorney General made available for public inspection that detail specific acts or practices that violate Ohio Rev. Code Ann. § 1345.02, 1345.03, or 1345.031 of the CSPA.

71. Defendant's acts or practices are the same acts or practices previously identified in the public inspection files published by the Ohio Attorney General as specific acts or practices that violate the CSPA.

72. All Defendant's activities related to Plaintiffs were done knowingly as defined by the CSPA.

73. As a result of Defendant's unfair, deceptive, and unconscionable acts and practices, Plaintiffs suffered undue stress, anxiety, and embarrassment.

74. Defendant is liable to Plaintiffs for an amount to be determined in emotional distress including pursuant to Ohio Rev. Code Ann. § 1345.09(A) and (B), attorney fees, and costs of this action.

75. Plaintiffs are entitled to three times the amount of their damages including pursuant to Ohio Rev. Code Ann. § 1345.09(B) from Defendant.

76. As a result of Defendant's unfair, deceptive, and unconscionable acts and practices, Plaintiffs has been damaged in an amount to be proven at trial exceeding $25,000.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Assume jurisdiction of Plaintiffs' claims;

B. Grant judgment in favor of Plaintiffs on their claims;

C. Grant Plaintiffs the maximum damages they seek on their counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

D. Award Plaintiffs the costs of this litigation, including filing fees and other costs;

E. Award Plaintiffs their attorney fees; and

F. Award such other relief as the Court deems appropriate.

Dated April 13, 2022

                                              Respectfully Submitted,
                                              Kohl & Cook Law Firm, LLC

                                              <u>/s/ *Timothy J. Cook*</u>
                                              Brian A. Brown (0096733)
                                              Timothy J. Cook (0093538)
                                              Sean M. Kohl (0086726)
                                              *Attorneys for Plaintiffs*
                                              1900 Bethel Rd.
                                              Columbus, OH  43022
                                              (614) 763-5111 PH
                                              (937) 813 6057 FAX
                                              timothy@kohlcook.com
                                              Brian@kohlcook.com

## JURY TRIAL DEMANDED

Plaintiffs respectfully request a jury trial on all triable issues.

/s/ <u>*Timothy J. Cook*</u>
Timothy J. Cook (0093538)