**IN THE LICKING COUNTY MUNICIPAL COURT**
**CIVIL DIVISION**

Exhibit C

IN THE MATTER OF:  Case No. 19 T8T 00002

Trusteeship of Russell Pearce, et al.  **JUDGMENT ENTRY**

This matter comes on to be heard upon the Court's receipt of a "Notice of Election Not to Participate in Trusteeship Payments," filed on March 18, 2022. The document was filed by the law firm of Kaman and Cusimano, LLC on behalf of Plaintiff Brooksedge Homeowners Assoc., Inc., ("Brooksedge") in Licking County Municipal Court Case No. 20 CVI 00003. Brooksedge secured a judgment against the Russell and Shanise Pearce in the amount of $3,551.00

The trusteeship herein had already been created by the defendants at the time of the judgment. The defendants, by correspondence of August 25, 2021, requested that Brooksedge participate in the trusteeship. Notice of the same was sent to Brooksedge's counsel the same day by the Clerk of Court.[1]

Any creditor who holds an encumbrance on the property of another may elect to participate in a trusteeship. Doing so precludes the creditor from asserting its lien or other encumrance so long as the debtor is in compliance with the agreement. A creditor must submit in writing to the Court within ten days of notice of the trusteeship its agreement or objection to be included. Failure to file a written response must be held by the Court to be an agreement to participate and the creditor is estopped from executing on its lien or other encumbrance if the debtor is fulfilling his or her obligations under the trusteeship as required by R.C. §2329.70. See, generally, R.C. §2329.71.

Judge
David N. Stansbury
(740) 670-7842

40 W. Main Street
Newark, Ohio
43055

Judge B. Matthew
George
(740) 670-7852

---

[1] Brooksedge is represented by the same counsel in both matters.

1

# IN THE LICKING COUNTY MUNICIPAL COURT
# CIVIL DIVISION

In this matter, Brooksedge was notified of the trusteeship on August 25, 2021. It did not file its objection (or "election" as styled in its filing herein) until March 18, 2022. By virtue of its failure to object within ten days, it is deemed to have agreed to participate. Brooksedge does not allege in its filing that the debtors are not in compliance with the agreement under the trusteeship. Accordingly, it cannot opt out now and it continues to be barred from asserting any lien or encumbrance, including, but not limited to, wage garnishment and bank attachment. R.C. §2329.70

For the reason that Brooksedge has not established standing to elect not to participate in the agreement, its "Notice of Election Not to Participate in Trusteeship Payments" is struck from the record. The Clerk of Courts shall return check numbers 052649 and 052702 to Brooksedge through its counsel.

It is so ordered.

_____
Judge David N. Stansbury

cc: Brooksedge HOA, Inc.,
c/o Kaman and Casimano, LLC
Russel and Shanise Pearce